IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

KENDALL RAY GRAY                         §

VS.                                      §            CIVIL ACTION NO.5:22-CV-33

UNITED STATES OF AMERICA                 §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant, Kendall Ray Gray, a prisoner currently confined at FCI Forrest City Medium,
proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.
§ 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28
U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties
to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations
for the disposition of the case.

Factual & Procedural Background

Movant was indicted on January 17, 2019, by a grand jury sitting in the Eastern District of
Texas on one count of felon possession of firearm or ammunition pursuant to 18 U.S.C. § 922(g)(1).
*United States v. Gray*, 5:19-CR-02 (Doc. # 1).  On May 29, 2019, a jury found Movant guilty.  *Id*.
(Doc. # 52).  Movant was sentenced to 120 month term of imprisonment to be followed with 3 years
supervised release and was assessed a $100.00 special assessment on October 9, 2019.  *Id*. (Doc. #
72).

Movant filed a Notice of Appeal on October 14, 2019. *Id.* (Doc. # 76). The Fifth Circuit Court of Appeals affirmed the Judgment by Mandate on September 14, 2020 (Doc. # 89). Movant did not file a writ of certiorari with the United States Supreme Court. Movant declares under penalty of perjury that he placed the above-referenced motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 on February 7, 2022. *Gray v. United States*, 5:22-CV-33 (Doc. # 1).

## The Motion

Movant argues the following: (1) trial court error in sentencing, (2) the traffic stop and arrest was invalid, (3) The Arkansas robbery was not a crime of violence, (4) the trial court erred by not explaining or adequately defining "good faith" in the jury instructions, (5) the jury panel was tainted, and (6) and his sentence was improperly enhanced for drugs. Motion to Vacate (Doc. # 1).

## Analysis

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted as initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant does not allege any facts that could trigger a starting date under §§ 2255(f)(2)-(4). So, movant's statute of limitations began to run on the date on which his judgment of conviction became final.  *See* § 2255(f)(1).  His conviction became final on December 13, 2020, when the ninety-day period for filing a certiorari petition with the Supreme Court expired.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  Thus, movant's statute of limitations expired on December 13, 2021 yet movant did not file his § 2255 motion until February 25, 2022, approximately two months too late.  Movant presents no argument that extraordinary circumstances prevented him from filing his motion to vacate earlier.  The motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 should be dismissed as time-barred.

## Recommendation

Movant's request for habeas corpus relief pursuant to 28 U.S.C. § 2255 should be dismissed with prejudice as time-barred.

## Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 15th day of March, 2022.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE